1  Robert A. Naeve (State Bar No. 106095)
   Email: rnaeve@jonesday.com
2  Mark E. Earnest (CA State Bar No. 253490)
   Email: mearnest@jonesday.com
3  JONES DAY
   3161 Michelson Drive, Suite 800
4  Irvine, CA 92612
5  Telephone:  (949) 851-3939
   Facsimile:   (949) 553-7539
6
7  Attorneys for Defendant
   TARGET CORPORATION

8
                 UNITED STATES DISTRICT COURT
9
              CENTRAL DISTRICT OF CALIFORNIA
10
                    CV14-1149 GAF (FFMX)
11 HECTOR VELARDE, on behalf of       CASE NO.
   himself and all others similarly
12 situated,
                                      DEFENDANT TARGET
13            Plaintiff,              CORPORATION'S NOTICE OF
                                      REMOVAL OF CIVIL ACTION
14       v.                           FROM STATE COURT
                                      PURSUANT TO 28 U.S.C. §§ 1332,
15 TARGET CORP.,                      1441, AND 1446
16            Defendant.
                                      [Diversity Jurisdiction]
17
18                                    Complaint Filed:   January 16, 2014
19
20
21
22
23
24
25
26
27
28
                                                    Notice of Removal

1       PLEASE TAKE NOTICE that Defendant Target Corporation ("Target")

2 hereby removes this matter from Los Angeles Superior Court to the United States

3 District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332,

4 1441, and 1446.  The grounds for removal are set forth below.

5                   **CLAIMS ASSERTED IN COMPLAINT**

6       1.     On January 16, 2014, Plaintiff Hector Velarde ("Velarde") filed a

7 verified complaint for damages and injunctive relief against Target in Los Angeles

8 Superior Court, Case No. BC533554, entitled *Hector Velarde v. Target Corp.* (the

9 "Complaint").  In the Complaint, Velarde asserts claims for violations of the Unruh

10 Civil Rights Act (the "Unruh Act"), and the California Disabled Persons Act (the

11 "CDPA").

12            **COMPLIANCE WITH STATUTORY REQUIREMENTS**

13       2.     On January 17, 2014, Velarde served Target with the Summons and

14 Complaint.  Target's removal of this action is timely because it filed the instant

15 Notice of Removal within 30 days of the date Velarde served Target with the

16 Complaint.  28 U.S.C. § 1446(b).  In accordance with 28 U.S.C. § 1446(a), copies

17 of Velarde's Summons and Complaint are attached to this Notice of Removal as

18 Exhibit A.

19       3.     Pursuant to Federal Rule of Civil Procedure 81(c), Target will respond

20 to the Complaint within seven days after filing this Notice of Removal.

21       4.     Pursuant to 28 U.S.C. § 1446(d), Target will provide written notice of

22 removal of this action to Velarde's counsel, and promptly will file a copy of this

23 Notice of Removal and the operative additional documents with the Clerk of the

24 Los Angeles County Superior Court.  A copy of Target's "Notice to State Court and

25 Adverse Party of Removal of Action from State Court to The United States District

26 Court for the Central District of California" (without exhibits) is attached to this

27 Notice of Removal as Exhibit B.

28

1

## VENUE AND INTRADISTRICT ASSIGNMENT

2       5.      Venue lies in the United States District Court for the Central District

3   of California pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the Complaint

4   was filed in this District.  Pursuant to 28 U.S.C. § 1441(a), this case may properly

5   be assigned to the Western Division of the Central District of California because

6   Velarde filed this case in Los Angeles Superior Court.

7

## DIVERSITY JURISDICTION

8       6.      This Court has original jurisdiction over this action pursuant to 28

9   U.S.C. § 1332(a) and removal is proper under Sections 1441(a) and 1446 because

10  this is an action between "citizens of different States" and the "matter in

11  controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

12      **1.      Velarde and Target are Citizens of Different States**

13      7.      Velarde alleges he is a California citizen.  (Compl. ¶ 10.)  Target is

14  incorporated and has its principal place of business in Minnesota (Compl. ¶ 13),

15  and is therefore a citizen of Minnesota for purposes of diversity.  28 U.S.C. §

16  1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Accordingly, the

17  parties to this action are completely diverse.

18      **2.      The Amount in Controversy Exceeds $75,000**

19      8.      Velarde's Complaint does not allege a specific dollar amount in

20  damages but does assert claims for statutory damages, injunctive relief, and

21  attorney's fees.  (Compl., Prayer.)  Target does not concede the accuracy of

22  Velarde's allegations, and does not concede liability in any way.  Nonetheless, the

23  amount in controversy with respect to Velarde's Unruh Act claim alone exceeds the

24  $75,000 jurisdictional minimum.  28 U.S.C. § 1332(a); *see generally, Rodriguez v.*

25  *AT&T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Gibson v.*

26  *Chrysler Corp.*, 261 F.3d 927, 941 (9th Cir. 2001).

27

28

1   9.   <u>Individual Claim for Statutory Damages.</u>  Plaintiffs can recover

2   minimum statutory damages under the Unruh Act in the amount of $4,000 for "each

3   and every offense."  Cal. Civ. Code § 52(a).

4   (a)   In construction-related accessibility cases like this, plaintiffs can

5   recover statutory damages pursuant to Section 52(a) only when they establish that

6   violations of one or more construction-related accessibility standards denied them

7   full and equal access to the place of public accommodation on a particular occasion.

8   Cal. Civ. Code § 55.56(a).

9   (b)   To establish a denial of "full and equal access," plaintiffs must

10  demonstrate either that they "personally encountered the violation on a particular

11  occasion," or that they were "deterred from accessing a place of public

12  accommodation on a particular occasion." *Id.* § 55.56(b).

13  (c)   Courts award minimum statutory damages on a "per offense"

14  basis by either: (i) awarding damages for each accessibility barrier the plaintiff

15  encounters within a public accommodation, *e.g. Arnold v. Radisson Hotel*

16  *Chatsworth*, 2011 U.S. Dist. LEXIS 742, *5-6 (C.D. Cal. Jan. 5, 2011); or (ii)

17  awarding damages for each visit the plaintiff makes to an inaccessible public

18  accommodation, regardless of the number of barriers it contains, *e.g. Lema v.*

19  *Courtyard Marriott Merced*, 2013 U.S. Dist. LEXIS 48423, *29 (E.D. Cal. April 3,

20  2013).  The California Supreme Court has yet to decide the proper standard.  *See*

21  *Beauchamp v. City of Long Beach*, 730 F.3d 986 (9th Cir. 2013) (certifying the

22  standards question to the California Supreme Court).  Target uses the latter standard

23  to evaluate the amount in controversy here, both because it typically results in

24  smaller damages awards than the former and because removal statutes are strictly

25  construed, *e.g., Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

26  10.   Under this standard, Velarde's Complaint seeks to recover statutory

27  damages for 17 alleged violations of the Unruh Act.  The first alleged violation

28  arises from a September 2013 visit to Target's Eagle Rock Store, in which Velarde

1   claims to have encountered barriers in the store's parking lot and restroom that
2   denied him "full and equal access" to the store on that occasion.  (Compl. ¶¶ 29, 33
3   & 40.)  The remaining 16 alleged violations arise from Velarde's claim that he
4   knows of similar barriers in 16 other Target stores located in the Los Angeles area,
5   and that he was deterred from patronizing those stores for this reason.  (Compl. ¶¶
6   10, 29-31 & 47.)  For each such occasion, Velarde seeks to recover $4,000 in
7   statutory damages under the Unruh Act (Cal. Civ. Code § 52).  Thus, the amount in
8   controversy arising from this claim for relief by itself is at least $68,000 in statutory
9   damages ($4,000 *x* 17 occasions = $68,000).

10          11.    Injunctive Relief.  Velarde's Complaint asks this Court to enter an
11   order for injunctive relief requiring Target "to become in compliance and remain in
12   compliance with state anti-discrimination statutes." (Compl., Prayer.)  The value of
13   the requested injunctive relief to either Target or Velarde should be included in the
14   amount in controversy. *E.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.
15   2002).  Target does not concede that its parking lots or restrooms are inaccessible as
16   alleged.  However, Target conservatively estimates based upon past experience that
17   it would incur at least $62,679, or an average cost of $3,687 per store, to remedy
18   the alleged parking lot and restroom barriers.  (Declaration of Karen Gridley, ¶ 3.)

19          12.    Attorney's Fees.  Velarde seeks to recover attorney's fees from Target
20   in this action.  (Compl., Prayer.)  Attorney's fees are properly included in the
21   amount in controversy for purposes of evaluating diversity jurisdiction. *E.g., Galt*
22   *G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Target does not
23   concede that Velarde is entitled to recover attorney's fees in this action.
24   Nonetheless, even a modest amount of attorney's fees further increases the amount
25   in controversy beyond the jurisdictional minimum.

26          13.    For these reasons, by even the most conservative estimate, the amount
27   in controversy of Velarde's first claim for relief for violation of the Unruh Act
28   satisfies the $75,000 jurisdictional minimum for removal established by 28 U.S.C.

§ 1332(a).

14.     Because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) over Velarde's individual claims, it has supplemental jurisdiction that extends to the claims of the unnamed proposed class members. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

## **RESERVATION OF RIGHTS**

15.     In alleging the amount in controversy for purposes of removal, Target does not concede in any way that the allegations in the Complaint are accurate, or that Velarde or any proposed class member is entitled to class certification, damages, injunctive relief, attorney's fees, or any other relief. Target reserves its right to defend the allegations in the Complaint to the fullest extent.

## **CONCLUSION**

16.     Based on the allegations above, this Court has diversity jurisdiction. This action is therefore properly removed to this Court from Los Angeles Superior Court.

Dated:  February 13, 2014.                JONES DAY

By:_____
Robert A. Naeve
Mark E. Earnest

Attorneys for Defendant
TARGET CORPORATION

IRI-59529v5

Exhibit "A"

1/17/14 2:45p

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 16 2014

Sherri R. Carter, Executive Officer/Clerk

By Myrna Beltran, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

TARGET CORP.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Hector Velarde, on behalf of himself and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of California - Los Angeles County 111 N. Hill Street, Los Angeles, CA 90012 | B C 5 3 3 5 5 4 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Evan J. Smith, Brodsky & Smith, LLC, 9595 Wilshire Blvd., Ste. 900, Beverly Hills, CA 90212 877-534-2590

| DATE: *(Fecha)* | SHERRI R. CARTER | Clerk, by *(Secretario)* | MYRNA BELTRAN | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JAN 16 2014

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Target Corp.

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1/7/14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1   Evan J. Smith, Esquire (SBN 242352)
    BRODSKY & SMITH, LLC
2   9595 Wilshire Blvd., Ste. 900
    Beverly Hills, CA 90212
3   Telephone: (877) 534-2590
    Facsimile:   (310) 247-0160
4
    *Attorneys for Plaintiff*
5

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 16 2014

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

6

7

8                  SUPERIOR COURT OF CALIFORNIA

9                     LOS ANGELES COUNTY

10

11

12   HECTOR VELARDE, on behalf of
    himself and all others similarly situated,

13                Plaintiff,

14          vs.

15   TARGET CORP.,

16                Defendant.

17

18

19

20

21

CASE NO.:     BC533554

JUDGE

DEPT.:

CLASS ACTION COMPLAINT FOR:

(1) VIOLATIONS OF THE UNRUH ACT, CALIFORNIA CIVIL CODE § 51, *et seq.*

(2) VIOLATIONS OF THE DPA, CALIFORNIA CIVIL CODE § 54.1, *et seq.*

**JURY TRIAL DEMANDED**

22      Plaintiff, Hector Velarde, by and through his attorneys, alleges the following based upon

23   personal knowledge as to his own acts, and upon information and belief and his attorneys'

24   investigation as to all other facts.

25      1.     Plaintiff, on behalf of himself and on behalf of a Class of mobility

26   impaired/wheelchair bound persons, alleges that defendant Target Corp. (hereinafter "Target" or

27   "Defendant"), Is in violation of the anti-discrimination state statutes of California, Unruh Civil

28

- 1 -

CLASS ACTION COMPLAINT

1   Rights Act, California Code § 51 *et seq.* ("Unruh Act") and the California Disabled Persons Act,

2   California Civil Code § 54 *et seq.* ("DPA").

3       2.     Plaintiff seeks injunctive relief, statutory damages and reasonable attorneys' fees

4   and costs on behalf of himself and the putative Class who have patronized or would like to

5   patronize the stores identified below.

6                        **STATUTORY BACKGROUND**

7       3.     Both the DPA, which was enacted in 1968, and the Unruh Act, which was

8   amended in 1987 to cover persons with disabilities, prohibit discrimination on the basis of

9   disability and require full and equal access to services, facilities and advantages of public

10   accommodations.

11       4.     All buildings constructed or altered after July 1, 1970, must comply with

12   standards governing the physical accessibility of public accommodations.

13       5.     From December 31, 1981, until the present, the standards have been set forth in

14   Title 24 of the California regulatory code (the "California Standards"). In addition to setting

15   forth design and construction standards, the California Standards require public accommodations

16   to maintain in operable working condition those features of facilities and equipment that are

17   required to be accessible to and usable by persons with disabilities. California Standards, §

18   1101B.3.

19       6.     A violation of a California Standard constitutes a violation of both the DPA and

20   the Unruh Act. A violation of 42 U.S.C. § 12181, *et seq.,* of the Americans with Disabilities Act

21   ("ADA"), also constitutes a violation of both statutes. Cal. Civ. Code, §§ 51(f) and 54 (c). A

22   prevailing plaintiff is entitled to, among other relief, statutory minimum damages regardless of

23   whether the plaintiff has suffered any actual damages. Cal. Civ. Code, § 54.3.

24       7.     The Unruh Civil Rights Act, Cal. Code, § 51, prohibits discrimination on the basis

25   of disability by "all business establishments of every kind whatsoever."

26       8.     In 1992, the Unruh Act was amended to provide that "violation of the right of any

27   individual under the Americans with Disabilities Act of 1990... shall also constitute a violation

28

1 | of this section. Cal. Civ. Code, § 51(f); *Presta v. Peninsula Corridor Joint Powers Bd.*, 16 F.
2 | Supp. 2d 1134, 1135 (N.D. Cal.1998).

3      9.    Despite an extended period of time in which to become compliant and despite the
4 | extensive publicity the DPA and Unruh Act has received over the years, Defendant continue to
5 | discriminate against people who are disabled, in ways that block them from equal access to and
6 | use of their stores.

7                **PARTIES AND STANDING**

8     10.    Plaintiff, Hector Velarde ("Velarde"), a California citizen, is domiciled in
9 | Lynwood, CA, and qualifies as an individual with disabilities. Velarde is a T3-10 laminectomy,
10 | and requires a wheelchair to move about. Velarde has visited and patronized Target stores
11 | within the State of California, and has experienced discrimination at such stores as more fully set
12 | forth below. Velarde is being deterred from patronizing Target but intends to return to these
13 | stores for the dual purpose of availing himself of the goods and services offered to the public at
14 | such stores and to ensure that those stores cease evading their responsibilities under state law.

15     11.    Plaintiff has been, and continues to be, adversely affected by Defendant's
16 | violations of the laws of the State of California. Plaintiff has suffered direct and indirect injury
17 | as a result of Defendant's actions and/or omissions as described herein.

18     12.    Plaintiff has reasonable grounds to believe that Defendant will continue to subject
19 | him, and other disabled individuals to discrimination in violation of the laws of the State of
20 | California, given that Defendant has failed to bring existing stores into compliance for over thirty
21 | (30) years and has allowed new stores to be constructed that were similarly out of compliance.

22     13.    Defendant Target Corp., a Minnesota corporation, maintains a principal place of
23 | business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target (NYSDE: TGT) operates
24 | general merchandise stores in the United States. As of November 21, 2013, it had 1,919 stores,
25 | including 1,797 stores in the United States and 122 stores in Canada. The company distributes its
26 | merchandise through a network of distribution centers, as well as third parties and direct
27 | shipping from vendors. Further, it provides general merchandise through its Website,
28 | Target.com; and branded proprietary Target Debit Card. Target, which at all relevant times to

1  this litigation acted, or failed to act, by and through their officers, representatives, subsidiaries,

2  agents, workers and/or their employees, maintains an agent for service of process at CT

3  Corporation System, 818 W. Seventh St., Los Angeles CA 90017.

4      14.   Upon information and belief, Target operates in excess of fifty (50) stores in the

5  state of California.

6      15.   Upon information and belief, Defendant's California stores are designed, built

7  and operated in accordance with uniform standards, polices, and practices developed by

8  Defendant. Defendant's stores that are located in the State of California are required to comply

9  with California state law and be fully accessible to the mobility impaired.

10                          **JURISDICTION AND VENUE**

11     16.   This Court has original jurisdiction of the Unruh Act and DPA claims pursuant to

12  Cal. Civ. Code §§ 51 and 54.

13     17.   Venue lies in this county as Defendant is found and/or does substantial business

14  here, and a substantial part of the property that is the subject of the action is so situated.

15                          **CLASS ACTION ALLEGATIONS**

16     18.   Class actions are certified when the question is one of a common or general

17  interest, of many persons, or when the parties are numerous, and it is impracticable to bring them

18  all before the court. Cal. Civ. Proc. Code § 382. The California Supreme Court has stated that a

19  class should be certified when the party seeking certification has demonstrated the existence of a

20  "well-defined community of interest" among the members of the proposed class. *Richmond v.*

21  *Dart Indus., Inc.*, 29 Cal.3d 462, 470 (1981); *see also Daar v. Yellow Cab Co.*, 67 Cal.2d 695,

22  704 (1967).

23     19.   Class actions are especially valuable in a context such as this one, in which

24  individual damages are modest. It is well settled that Plaintiff need not prove the merits of his

25  action at the class certification stage.

26     20.   Rather, the decision of whether to certify a class is "essentially a procedural one"

27  and the appropriate analysis is whether, assuming the merits of the claims, they are suitable for

28  resolution on a class-wide basis:

- 4 -
CLASS ACTION COMPLAINT

1
2
3
4

> As the focus in a certification dispute is on what types of questions
> common or individual are likely to arise in the action, rather than on
> the merits of the case, in determining whether there is substantial
> evidence to support a trial court's certification order, we consider
> whether the theory of recovery advanced by the proponents of
> certification is, as an analytical matter, likely to prove amenable to
> class treatment.

5
6

*Sav-On Drug Salons, Inc. v. Superior Court,* 34 Cal.4th 319, 327 (2004) (citations omitted).

7
8
9
10

21.     In addition, the assessment of suitability for class certification entails addressing whether a class action is superior to individual lawsuits or alternative procedures for resolving the controversy. *Capitol People First v. State Dept. of Developmental Services* (2007) 155 Cal.App.4th 676, 689.

11
12
13
14
15

22.     The Class consists of all mobility impaired/wheelchair-bound persons located in California who have patronized Defendant's locations identified herein, who have been, or who were, from a time to be determined up until the time of the filing of the instant Complaint, denied the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of any of the locations identified herein (the Class).

16
17
18
19

23.     The Class is believed to consist of thousands of members. Upon information and belief, census statistics demonstrate that there are over 150,000 non-institutionalized people sixteen years of age or older in California who use wheelchairs. The members of the Class are so numerous that joinder of all members is impracticable.

20
21
22

24.     Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

23
24

        (a)     Whether Defendant provides goods, services, programs, facilities,
                privileges, advantages, or accommodations to individuals with disabilities
                in an integrated setting;

25
26
27

        (b)     Whether Defendant's locations have made reasonable modifications in
                policies, practices, and procedures when such modifications are necessary
                to afford such goods, services, programs, facilities, privileges, advantages,
                or accommodations to individuals with disabilities;

28

- 5 -

CLASS ACTION COMPLAINT

(c) Whether Defendant has failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

(d) Whether Defendant has failed to remove architectural and communication barriers in existing stores, where such removal is readily achievable and technically feasible, or have failed to make such goods, services, programs, facilities, privileges, advantages, or accommodations available through alternative methods, if removal of the barriers is not readily achievable or technically feasible;

(e) Whether violations of the ADA also constitute *per se* violations of the California anti-discrimination statute. Cal. Civ. Code §§ 51 and 54, *et. seq.*;

(f) Whether Defendant has violated and/or continues to violate the state anti-discrimination statutes identified above by denying equal access to disabled persons at places of public accommodation;

(g) Whether the state anti-discrimination statues identified above provides for a private right of action;

(h) Whether the state anti-discrimination statues identified above provides for injunctive relief;

(i) Whether the state anti-discrimination statutes identified above provides for minimum statutory deterrence damages;

(j) Whether to recover under the Unruh Civil Rights Act a plaintiff must plead and prove intentional discrimination;

(k) Whether to recover under DPA a plaintiff need to prove any intentional conduct; and

(l) Whether injunctive relief is available as a cumulative remedy for violations of state disability access laws regardless of if a plaintiff elects to recover under the Unruh Civil Rights Act or DPA.

25. Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained and continue to sustain injuries arising out of the Defendant's conduct or omissions in violation of state law as complained of herein. Plaintiff, like all other members of the Class, claim that Defendant has violated state law by violating the ADA and Title 24 by failing to make its locations accessible to individuals with disabilities and by excluding Plaintiff, and other similarly situated persons, from the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of

- 6 -

CLASS ACTION COMPLAINT

1  Defendant's stores, and subjecting Plaintiff to discrimination by failing to provide its facilities
2  and other goods, services, programs, facilities, privileges, advantages and/or accommodations to
3  Plaintiff, as well as other similarly situated persons.

4      26.    Plaintiff will fairly and adequately protect the interests of the members of the
5  Class, and has retained counsel competent and experienced in class action litigation.  Plaintiff
6  has no interests antagonistic to, or in conflict with, those of the Class.

7      27.    A class action is superior to other available methods for the fair and efficient
8  adjudication of the controversy, since joinder of all members is impracticable.  Furthermore,
9  because the damages suffered by the individual Class members may be relatively small, the
10  expense and burden of individual litigation make it impossible for members of the Class
11  individually to redress the wrongs done to them.

12      28.    There will be no difficulty in the management of this action as a class action.
13  Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action,
14  in that it is likely to avoid the burden which would be otherwise placed upon the judicial system
15  by the filing of thousands of similar suits by disabled people across the California.  There are no
16  obstacles to effective and efficient management of the lawsuit as a class action.

17                   **LOCATIONS OWNED/OPERATED BY DEFENDANTS**
                     **IN VIOLATION OF CALIFORNIA'S ACCESS LAWS**
18

19      29.    Plaintiff Velarde has patronized Target stores in the past and suffered
20  discrimination.  On September 29, 2013, Velarde patronized the Eagle Rock Target store located
21  at 2626 Colorado Blvd., Los Angeles, CA to purchase toiletry items and cosmetics.  However,
22  Velarde was denied full and equal access because the parking and restroom were not accessible
23  to him.  Initially, Plaintiff was forced to park in a non handicapped accessible parking space.
24  Once inside the store Plaintiff had great difficulty accessing the bathroom because of the
25  excessive force required by him to open the restroom door and because the restroom door closer
26  was not adjusted to allow the bathroom door to remain open so that he could wheel himself in
27  unassisted.  Once inside the restroom, Velarde was deterred from using the toilet because the
28  toilet stall door hardware was not handicap accessible and the pipes under the lavatory were not

1  covered.  In addition, the soap dispenser was mounted excessively high and out of reach as was
2  the restroom mirror.  As a result, Velarde was unable to use the men's restroom.

3      30.    In an attempt to avoid litigation, Plaintiff provided notice and the opportunity to
4  cure to Defendant.  On October 11, 2013, Plaintiff sent a letter to the store manager of the Target
5  store located at 2626 Colorado Blvd., Los Angeles, CA informing him/her that this store's
6  parking and restroom is not accessible to him, that he was aware of similar accessibility barriers
7  at other Target locations and asking that these problems be fixed within 30 days. Plaintiff did not
8  seek any monies or statutory damages.

9      31.    After receiving no response to his written demand, Plaintiff was forced to retain
10 attorneys to prosecute the claims alleged herein, who in turn, retained professional building
11 experts to investigate, identify and document Defendant's discriminatory barriers.  Those
12 investigations, which are still ongoing, has to date identified the locations listed below as being
13 in serious violation of Federal and State law as a result of their violations of the California
14 Standards governing the physical accessibility of public accommodations and/or the ADA which
15 results in a violation of the Unruh Act.  This information has been disseminated to the Plaintiff
16 providing him with actual notice of the violations at the locations listed below:

17         1.    2626 Colorado Blvd., Los Angeles, CA
18         2.    5600 Whittier Blvd., Los Angeles, CA
19         3.    1621 S. Alameda St., Compton, CA
20         4.    6750 Cherry Ave., Long Beach, CA
21         5.    15614 Whittwood Lane, Whittier, CA
22         6.    10621 Carmenita Rd., Santa Fe Springs, CA
23         7.    12501 Imperial Highway, Norwalk, CA
24         8.    651 W. Sepulveda Blvd., Carson, CA
25         9.    2120 W. Main Street, Alhambra, CA
26        10.    3121 E. Colorado Blvd., Pasadena, CA
27        11.    777 E. Colorado Blvd., Pasadena, CA
28        12.    1800 W. Empire Ave., Burbank, CA

- 8 -
CLASS ACTION COMPLAINT

13.     11051 Victory Blvd., North Hollywood, CA

14.     5711 Sepulveda Blvd., Van Nuys, CA

15.     14920 Rayner St., Van Nuys, CA

16.     11133 Balboa Blvd., Granada Hills, CA

17.     6700 Topango Canyon Rd., Canyon Park, CA

32.     Despite receiving notice and an opportunity to cure from Plaintiff, Defendant has refused to address its accessibility violations. The aforementioned violations are ongoing and continue to result in Plaintiff and unnamed mobility impaired class members suffering discrimination as a result of being denied full and equal access to these stores.

33.     Defendant has discriminated and is discriminating against Plaintiff, and other similarly situated by failing to, *inter alia*, have accessible facilities, as described below, and as required by both the California Standards and by the ADA. The following list describes Defendant's violations in the stores listed above:

1.     **2626 Colorado Blvd.**
       **Los Angeles, CA**

**Violation 1**
In the parking area, there is not the required number of van accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG - Section 4.1.2(5)(b).

**Violation 2**
There is no accessible parking signage on all accessible parking spaces. This is in violation of Title 24 Code 1129B.5; ADAAG - Section 4.6.4.

**Violation 3**
There is no van accessible parking signage on all of the van accessible parking spaces. This is in violation of Title 24 Code1129B.5; ADAAG - Section 4.6.4.

**Violation 4**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is in violation of Title 24 Code 1129B.4.

**Violation 5**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces. This is a violation of Title 24 Code 1129B.4.

**Violation 6**
The van accessible parking spaces do not all have accessible aisles. This is a violation of Title 24 Code 1129B.4.2; ADAAG - Section 4.6.3.

CLASS ACTION COMPLAINT

**Violation 7**
The toilet paper dispenser is not located on the side wall below the grab bar. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 8**
The pipes under the lavatory are not covered and are not compliant. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG - Section 4.19.4.

**Violation 9**
The soap dispenser in the restroom is located 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 10**
The restroom door force is over 5 lbs. and is not accessible. This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 11**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 12**
The restroom mirror is mounted 45" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 13**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

2.   **5600 Whittier Blvd.**
     **Los Angeles, CA**

**Violation 1**
In the parking area there is not the required number of van accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG - Section 4.1.2(5)(b).

**Violation 2**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is in violation of Title 24 Code 1129B.4.

**Violation 3**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces. This is in violation of Title 24 Code 1129B.4.

**Violation 4**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 5**
The entrance door does not provide a symbol of accessibility posted on the entrance door. This is in violation of Title 24 Code 1127B.3.

- 10 -

CLASS ACTION COMPLAINT

**Violation 6**
The restroom door force is over 5 lbs. and is not accessible. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG - Section 4.19.4.

**Violation 7**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 8**
The soap dispenser in the restroom is located 48" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 9**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 10**
The restroom mirror is mounted 41" from the floor and is not compliant. This in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6

**Violation 11**
The clothing hooks provided are 65" above the floor and are not accessible. This is in violation of Title 24 Code 1110B.1.7; ADAAG - Section 4.35.5.

3.  **1621 S. Alameda Street**
    **Compton, CA**

**Violation 1**
In the parking area there are not the required number of van accessible parking spaces. this is in violation of Title 24 code 1129B.1; ADAAG - Section 4.1.2(5)(b).

**Violation 2**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is in violation of Title 24 Code 1129B.4.

**Violation 3**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces. This is in violation of Title 24 Code 1129B.4.

**Violation 4**
The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG - Section 4.19.4.

**Violation 5**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 6**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

- 11 -

CLASS ACTION COMPLAINT

**Violation 7**
The center of the toilet or water closet is 20" from the wall and is not accessible. This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 8**
The height of the toilet seat or water closet is 18½" and is not accessible. This is in violation of Title 24 Code 1115B.2.1.1; ADAAG – Section 4.16.3.

4.    **6750 Cherry Avenue**
      **Long Beach, CA**

**Violation 1**
In the parking area, there is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 2**
There are no warning signs regarding unauthorized use of disabled parking spaces. This is in violation of Title 24 Code 1129B.4.

**Violation 3**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 4**
The toilet paper dispenser is not located on the side wall below the grab bar. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 5**
The restroom door force is over 5 lbs. and is not accessible. This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 6**
The restroom light switch outlet is located 18" from the finished floor. This is in violation of Title 24 Code 1117B.6.5.1; ADAAG – Section 4.27.

**Violation 7**
The soap dispenser in the restroom is located 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 8**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 9**
The auto-dryers in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 10**
The toilet seat cover dispenser in the restroom is located 48" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

5.    **15614 Whittwood Lane**
      **Whittier, CA**

- 12 -

CLASS ACTION COMPLAINT

**Violation 1**
The restroom door force is 10 lbs. and is not accessible. This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 2**
The restroom does not have a door closer is adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 3**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 12**
The restroom mirror is 42" from the floor and is not compliant. This in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

6.    **10621 Carmenita Road**
      **Santa Fe Springs, CA**

**Violation 1**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 2**
The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The restroom does not have a door closer is adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 4**
The restroom mirror is 42" from the floor and is not compliant. This in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

7.    **12501 Imperial Highway**
      **Norwalk, CA**

**Violation 1**
The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 2**
The restroom does not have a door closer is adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

- 13 -

**Violation 3**
The toilet paper dispenser is not located on the side wall below the grab bar. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 4**
The pipes under the lavatory in the men's restroom are not covered. This is a violation of Title 24 Code 1115B.2.1.2.1; ADAAG - Section 4.19.4.

**Violation 5**
The paper towel dispenser in the restroom is located 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

8. **651 West Sepulveda Blvd.**
   **Carson, CA**

**Violation 1**
In the parking area, there is not the required number of van accessible parking spots. This is in violation of Title 24 Code 1129B.1; ADAAG - Section 4.1.2(5)(b).

**Violation 2**
The restroom door force is 10 lbs. and is not accessible. This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 3**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 4**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces. This is a violation of Title 24 Code 1129B.4.

**Violation 5**
The soap dispenser in the restroom is located 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

9. **2120 West Main Street**
   **Alhambra, CA**

**Violation 1**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces. This is in violation of Title 24 Code 1129B.4.

**Violation 2**
The urinal rim height is 18" and is not compliant. This is in violation of Title 24 Code 1503.2.1; ADAAG – Section 4.18.2.

**Violation 3**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

10. **3121 East Colorado Blvd.**
    **Pasadena, CA**

1

2 **Violation 1**
There is no warning sign regarding the penalty for unauthorized use of designated
3 disabled parking spaces. This is in violation of Title 24 Code 1129B.4.

4 **Violation 2**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code
5 1115B.2.1.2.1; ADAAG – Section 4.19.4.

6 **Violation 3**
The center of the toilet or water closet is 13" from the wall and has an obstacle in
7 its way that renders it not accessible. This is in violation of Title 24 Code
1115B.7.1.2; ADAAG – Section 4.17.3.

8 **Violation 4**
The restroom door closer is not adjusted to allow the bathroom door to remain
9 open for at least three (3) seconds. This is in violation of Title 24 Code
1115B.7.1.4; ADAAG – Section 4.13.10.
10

11 **Violation 5**
The restroom door force is 10 lbs. and is not accessible. This is in violation of
Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).
12

13     11.    **777 East Colorado Blvd.**
**Pasadena, CA**

14
**Violation 1**
15 There is not the required number of van accessible parking spaces. This is in
violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

16 **Violation 2**
There is no van accessible parking signage. This is in violation of Title 24 Code
17 1129B.5; ADAAG – Section 4.6.4.

18 **Violation 3**
There is not the required number of accessible parking spaces. This is in violation
19 of Title 24 Code 11129B.1; ADAAG – Section 4.1.2(5)(a).

20 **Violation 4**
There is no warning sign regarding the penalty for unauthorized use of designated
21 disabled parking spaces. This is in violation of Title 24 Code 1129B.4.

22 **Violation 5**
The center of the toilet or water closet is 17½" from the wall and is not accessible.
23 This is a violation of Title 24 Code 1115B.7.1.2; ADAAG - Section 4.17.3.

24 **Violation 6**
The restroom door closer is not adjusted to allow the bathroom door to remain
25 open for at least three (3) seconds. This is in violation of Title 24 Code
1115B.7.1.4; ADAAG – Section 4.13.10.
26

27 **Violation 7**
The restroom door force is over 5 lbs. and is not accessible. This is in violation of
28 Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

- 15 -

12. **1800 West Empire Avenue**
    **Burbank, CA**

**Violation 1**
The center of the toilet or water closet is 18½" from the wall and is not accessible. This is a violation of Title 24 Code 1115B.7.1.2; ADAAG - Section 4.17.3.

**Violation 2**
The restroom door force is over 5 lbs. and is not accessible. This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The mirror in the men's restroom is 41" above the finished floor and is not accessible. This is in violation of Title 24 Code 1115B.9.2; ADAAG - Section 4.22.6.

**Violation 4**
The toilet paper dispenser is not located on the side wall below the grab bar. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 5**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 6**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 7**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 8**
The soap dispenser in the restroom is located 46" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 9**
The paper towel dispenser in the restroom is located 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 10**
The auto-dryers in the restroom is located more than 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

13. **11051 Victory Blvd.**
    **North Hollywood, CA**

**Violation 1**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

- 16 -
CLASS ACTION COMPLAINT

**Violation 2**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces. This is in violation of Title 24 Code 1129B.4.

**Violation 3**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4

**Violation 4**
The restroom door force is over 5 lbs. and is not accessible. This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 5**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 6**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

14. **5711 Sepulveda Blvd.**
**Van Nuys, CA**

**Violation 1**
The accessible parking spaces do not have accessible aisles. This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

**Violation 2**
The entrance door does not provide a symbol of accessibility posted on the door. This is in violation of Title 24 Code 1127B.3.

**Violation 3**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 4**
The restroom door force is over 5 lbs. and is not accessible. This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 5**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 6**
The restroom mirror is mounted 41" from the floor and is not compliant. This in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 7**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 8**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

- 17 -

**Violation 9**
The toilet seat cover dispenser in the restroom is located 45" above the floor.
This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

15. **14920 Rayner Street**
**Van Nuys, CA**

**Violation 1**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code
1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 2**
The center of the toilet or water closet is 19" from the wall and is not accessible.
This is a violation of Title 24 Code 1115B.7.1.2; ADAAG - Section 4.17.3.

**Violation 3**
The restroom door force is 9 lbs. and is not accessible. This is in violation to Title
24 Code 1133B.2.5; ADAAG - Section 4.13.11(2)(b).

**Violation 4**
The toilet stall door hardware is not compliant. This is in violation of Title 24
Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 5**
The restroom mirror is mounted 43" from the floor and is not compliant. This in
violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 6**
The restroom door closer is not adjusted to allow the bathroom door to remain
open for at least three (3) seconds. This is in violation of Title 24 Code
1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 7**
The restroom signage is not compliant. This is in violation of Title 24 Code
1117B.5.8.1.1; ADAAG - Section 4.1.2.

16. **11133 Balboa Blvd.**
**Granada Hills, CA**

**Violation 1**
There is no warning sign regarding the penalty for unauthorized use of designated
disabled parking spaces. This is in violation of Title 24 Code 1129B.4.

**Violation 2**
The center of the toilet or water closet is 17½" from the wall and is not accessible.
This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 3**
The restroom door force is 9 lbs. and is not accessible. This is in violation of
Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The restroom door closer is not adjusted to allow the bathroom door to remain
open for at least three (3) seconds. This is in violation of Title 24 Code
1115B.7.1.4; ADAAG – Section 4.13.10.

- 18 -
CLASS ACTION COMPLAINT

**Violation 5**
The auto-dryers in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

17. **6700 Topango Canyon Rd.**
**Canyon Park, CA**

**Violation 1**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces. This is in violation of Title 24 Code 1129B.4.

**Violation 2**
The restroom door force is 11 lbs. and is not accessible. This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 4**
The soap dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

34. The discriminatory violations described above are not an exclusive or exhaustive list of the Defendant's accessibility barriers, and, upon information and belief, there are other miscellaneous violations of both the California Standards and the ADA in Defendant's facilities.

35 The correction of these violations is readily achievable, and/or Defendant is obligated to have its places of public accommodation readily accessible as defined by both the ADA and the California Standards.

36. To date, barriers and other violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the California Standards or the ADA. The effect of Defendant's failure to comply with these standards or regulations is that Defendant has discriminated against disabled persons by denying them the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of the Defendant's stores.

37. As a result of that failure to remedy existing barriers to accessibility, Plaintiff and others similarly situated have been denied access to the benefits of the goods, services, programs, facilities, and activities of Defendant's stores, and have otherwise been discriminated against and

1   have suffered damages caused by Defendant's accessibility violations.  Unless Defendant's

2   locations are brought into compliance, said persons will continue to suffer injury in the future.

3                                    **COUNT I**

4                          **(UNRUH CIVIL RIGHTS ACT)**

5

6   38.     Plaintiff re-alleges and incorporates by reference the above allegations set forth in

    the Complaint as if fully set forth herein.

7

8   39.     Defendant operates business establishments within the jurisdiction of the State of

9   California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ.

10  Code, § 51, *et seq.* ("The Unruh Act").

11  40.     The conduct alleged herein violates the Unruh Act, including Cal. Civ. Code § 51,

    *et seq.*

12

13  41.     The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to

14  full and equal accommodations, advantages, facilities, privileges, or services in all business

15  establishments of every kind whatsoever within the jurisdiction of the State of California.  The

16  Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

17  42.     Defendant has violated the Unruh Act by, *inter alia,* denying Plaintiff and

18  members of the proposed Class, as persons with disabilities, full and equal accommodations,

19  advantages, facilities, privileges, or services offered by Defendant.  Defendant has also violated

20  the Unruh Act by violating the ADA, as set forth above.

21  43.     Defendant has violated the Unruh Act, by *inter alia,* failing to operate its services

22  on a nondiscriminatory basis and failing to ensure that persons with disabilities have

23  nondiscriminatory access to its location.

24  44.     In doing the acts and/or omissions alleged herein, Defendant wrongfully and

25  unlawfully denied access to its locations and its facilities to individuals with disabilities and

26  acted intentionally and with knowledge of the effect its conduct was having on physically

27  disabled persons.

28  45.     Defendant has violated the Unruh Act by both being in violations of the

    California Standards and rights provided under the Americans with Disabilities Act of 1990.

                                    - 20 -

46.    Further, Defendant has violated the Unruh Act by having, maintaining, establishing, or failing to abolish policies that discriminate against the mobility impaired, which has resulted in barriers in its stores.

47.    Plaintiff is being deterred from patronizing Defendant's stores as a result of his actual knowledge of the violations stated above.

48.    Pursuant to the remedies, procedures, and rights set forth in Ca. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## COUNT II

### (CALIFORNIA DISABLED PERSONS ACT)

49.    Plaintiff re-alleges and incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

50.    Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of the DPA, Cal. Civ. Code § 54, *et seq.*

51.    The conduct alleged herein violated the DPA, including without limitation Cal. Civ. Code, § 54.1, *et seq.* and relevant provisions of the California building code regulations.

52.    The DPA guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

53.    Defendant has violated the DPA by, *inter alia*, denying Plaintiff and members of the proposed class, as persons with disabilities, full and equal access, as other members of the general public, to accommodations, advantages, and facilities offered by Defendant.

54.    Defendant has violated the DPA by, *inter alia*, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its stores.

55.    In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its stores and its facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

56. Defendant has violated the DPA by being, as listed above, in violation of both California Standards and the ADA. Plaintiff is not required to prove intent or actual damages to recovery minimum statutory damages under the CPDA.

57. Plaintiff is being deterred from patronizing Defendant's locations as a result of his actual knowledge of the violations stated above.

58. Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code §§ 54.3, Plaintiff prays for judgment as set forth below.

## RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following relief:

A. that this Court certify the proposed Class;

B. that this Court certify Plaintiff as class representatives on behalf of the Class;

C. that this Court declare that the policies, procedures, services, and facilities at Defendant's stores located in California have been discriminatory and violative of the ADA and therefore are violative of the Unruh Civil Rights Act and the California Disabled Persons Act;

D. that this Court declares the policies, procedures, services, and facilities of Defendant are discriminatory and violative of the state anti-discrimination statutes of California and the California Standards;

E. that this Court declares that Defendant' violation of the state anti-discrimination statutes of California was intentional.

F. that this Court Order injunctive relief to require Defendant to become in compliance and remain in compliance with state anti-discrimination statutes.

G. that this Court award minimum statutory damages on behalf of the Class against Defendant pursuant to the state statutes identified above;

- 22 -

CLASS ACTION COMPLAINT

1       H.   that this Court award reasonable attorneys' fees and costs (including

2          expert fees) and other expenses of suit; and

3       I.    that this Court awards such other and further relief as it deems necessary,

4          just, proper, and appropriate.

5                  **DEMAND FOR JURY TRIAL**

6     Plaintiff hereby demands a jury on all issues which can be heard by a jury.

7   Dated: January 14, 2014             BRODSKY & SMITH, LLC

8

9                         By:_____

                              Evan J. Smith (SBN242352)

10                       9595 Wilshire Boulevard, Suite 900

                              Beverly Hills, CA 90212

11                       Telephone:    (877) 534-2590

                              Facsimile:     (310) 247-0160

12

13                       *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Deo 11 2013 11:50AM   THE UPS STORE                          (310)868-5970          P.1
Dec. 11. 2013 12:21PM                                       No. 4904   P. 1

## VERIFICATION

I, Hector Velarde, hereby certify that I am the Plaintiff in this Civil Action and certify under penalty of perjury and the laws of the State of California, that the Complaint is true to the best of my knowledge, information and belief.

Dated: 12—11—, 2013

Hector Velarde

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Evan J. Smith (SBN242352)<br>Brodsky & Smith, LLC<br>9595 Wilshire Blvd., Suite 900<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-534-2590  FAX NO.: 310-247-0160<br>ATTORNEY FOR (Name): Plaintiff Velarde | FOR COURT USE ONLY<br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JAN 16 2014**<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Myrna Beltran, Deputy |
| --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
Velarde v. Target Corp.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
| --- | --- | --- |
| ☑ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC533554**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☑ Substantial amount of documentary evidence
d. ☑ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 3
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
January 14, 2014

(TYPE OR PRINT NAME)  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit "B"

1   Robert A. Naeve (State Bar No. 106095)
    Email: rnaeve@jonesday.com
2   Mark E. Earnest (CA State Bar No. 253490)
    Email: mearnest@jonesday.com
3   JONES DAY
    3161 Michelson Drive, Suite 800
4   Irvine, CA  92612
    Telephone:    (949) 851-3939
5   Facsimile:    (949) 553-7539

6   Attorneys for Defendant
    TARGET CORPORATION

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              LOS ANGELES COUNTY

10

11  HECTOR VELARDE, on behalf of himself        CASE NO. BC533554
    and all others similarly situated,
12                                              NOTICE TO STATE COURT AND
                        Plaintiff,              ADVERSE PARTY OF REMOVAL
13                                              OF ACTION FROM STATE COURT
                                                TO UNITED STATES DISTRICT
14          v.                                  COURT FOR THE CENTRAL
                                                DISTRICT OF CALIFORNIA
15  TARGET CORP.,
                        Defendant.
16
                                                Complaint Filed:  January 16, 2014
17                                              Trial Date:       None Set

18

19

20

21

22

23

24

25

26

27

28

1    **PLEASE TAKE NOTICE THAT** on February 13, 2014, Defendant Target Corporation

2    filed its "Notice of Removal of Civil Action from State Court Pursuant to 28 U.S.C. §§ 1332,

3    1441, and 1446" to remove this action to the United States District Court for the Central District

4    of California.  In compliance with 28 U.S.C. § 1446(d), a copy of the Notice of Removal (without

5    exhibits) is attached as **Exhibit 1** to this Notice and is served and filed herewith.

6           **PLEASE TAKE FURTHER NOTICE THAT,** pursuant to 28 U.S.C. § 1446(d), the filing

7    and service of this Notice removes this action and stays all proceedings in connection therewith in

8    Los Angeles Superior Court unless and until this action is remanded.

9

      Dated:  February 13, 2014                    JONES DAY

10

11

12                                                 By: _____
                                                        Robert A. Naeve
13                                                      Mark E. Earnest

14                                                 Attorneys for Defendant
                                                   **TARGET CORPORATION**
15

      IRI-59686v1
16

17

18

19

20

21

22

23

24

25

26

27

28

---

**NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION**

1

## PROOF OF SERVICE

2
I, Janice Mullins, declare:

3
I am a citizen of the United States and employed in Orange County,

4
California. I am over the age of eighteen years and not a party to the within-entitled

5
action. My business address is 3161 Michelson, Suite 800, Irvine, California

6
92612. On February 13, 2014, I served a copy of the within document(s):

7

**DEFENDANT TARGET CORPORATION'S NOTICE**
8
**OF REMOVAL OF CIVIL ACTION FROM STATE**
**COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND**
9
**1446**

10
☐    by transmitting via facsimile the document(s) listed above to the fax
11
     number(s) set forth below on this date before 5:00 p.m.

12
☐    by placing the document(s) listed above in a sealed envelope with
13
     postage thereon fully prepaid, in the United States mail at Irvine,
     California addressed as set forth below.

14
☒    by placing the document(s) listed above in a sealed envelope and
15
     affixing a pre-paid air bill, and causing the envelope to be delivered to
16
     an agent for delivery.

17
☐    by personally delivering the document(s) listed above to the person(s)
18
     at the address(es) set forth below.

19
☐    by causing the e-mail transmission or electronic transmission of the
     document(s) listed above to the person(s) at the e-mail address(es) set
20
     forth below.

21
Evan J. Smith                   *Attorneys for Plaintiff*
22
BRODSKY & SMITH LLC
23
9595 Wilshire Boulevard, #900
Beverly Hills, CA 90212
24
Telephone: (877) 534-2590
25
Facsimile: (310) 24-0160

26

27
     I am readily familiar with the firm's practice of collection and processing
28
correspondence for mailing. Under that practice it would be deposited with the

1  U.S. Postal Service on that same day with postage thereon fully prepaid in the

2  ordinary course of business.  I am aware that on motion of the party served, service

3  is presumed invalid if postal cancellation date or postage meter date is more than

4  one day after date of deposit for mailing in affidavit.

5      I declare that I am employed in the office of a member of the bar of this court

6  at whose direction the service was made.

7      Executed on February 13, 2014, at Irvine, California.

8

9



10  _____
                        Janice Mullins

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28