LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 14-1149 GAF (FFMx) | Date | March 24, 2014 |
|---|---|---|---|
| Title | Hector Velarde v. Target Corporation | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      (In Chambers)

## ORDER TO SHOW CAUSE

### I.
### INTRODUCTION AND BACKGROUND

Plaintiff Hector Velarde ("Plaintiff"), on behalf of himself and others similarly situated, filed a class action complaint against Defendant Target Corporation ("Defendant"), alleging violations of California's Unruh Act and California's Disabled Persons Act. (Docket No. 1 [Notice of Removal ("Not.")], Ex. A [Compl.].) Plaintiff filed this action in Los Angeles County Superior Court and Defendant now seeks to remove the case to federal court based on diversity jurisdiction. While Defendant has properly shown that diversity of citizenship exists, it has not demonstrated that the amount in controversy requirement under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), is satisfied. Accordingly, Defendant is **ORDERED TO SHOW CAUSE** why the Court should not dismiss the action for lack of subject matter jurisdiction.

### II.
### DISCUSSION

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell &

LINK:  1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1149 GAF (FFMx) | Date | March 24, 2014 |
|---|---|---|---|
| Title | Hector Velarde v. Target Corporation | | |

Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

Under CAFA, federal courts have diversity jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, diversity of citizenship exists between at least one plaintiff and one defendant, and the proposed plaintiff class is 100 or more persons.  28 U.S.C. § 1332(d)(2); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 (9th Cir. 2007).  The proponent of removal under CAFA retains the burden to establish a prima facie case of removal jurisdiction—including the applicable amount in controversy.  Serrano, 478 F.3d at 1021; Fletcher v. Toro Co., 2009 WL 8405058, at *2 (S.D. Cal. Feb. 3, 2009).  The amount in controversy requirement can be met by claims including "the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."  Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).  However, the "ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what the defendant will actually owe."  Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

If it is not apparent on the face of the complaint, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement is met, or else the case must be remanded to state court.  Fletcher, 2009 WL 8405058, at *3 (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)).  Thus, the "defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum."  Id. (citing Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)).

Here, although Defendant has demonstrated that diversity of citizenship exists, it fails to address the $5,000,000 amount in controversy requirement under CAFA.  Instead, Defendant explains how the amount in controversy exceeds $75,000, which is the amount required to remove an individual action, not a class action, to federal court based on diversity jurisdiction.  (See Not. at 2-5.)  Because Defendant is the removing party, it has the burden of establishing that the $5,000,000 amount in controversy threshold has been met in order to remove this class action to federal court.

/ / /

**LINK:  1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1149 GAF (FFMx) | Date | March 24, 2014 |
|---|---|---|---|
| Title | Hector Velarde v. Target Corporation | | |

# III.
# CONCLUSION

    Defendant is hereby **ORDERED TO SHOW CAUSE**, no later than **5:00 p.m. on Monday, April 7, 2014**, why the Court should not dismiss this action for lack of subject matter jurisdiction.  Failure to respond by this time will be **deemed consent to dismissal of this action**.

    **IT IS SO ORDERED.**